### DUNN *v.* BARISH.

(Decided November 26, 1928.)

*Messrs. McCarron & Rosenbaum,* for plaintiff in error.
*Messrs. Fishman & Levin,* for defendant in error.

VICKERY, J. This cause comes into this court on a petition in error to the municipal court of the city of Cleveland. In the court below the plaintiff in error, Ben Dunn, was plaintiff, and the defendant in error, Chana Barish, was defendant. The record shows that the plaintiff was a dealer in furniture and household supplies and at one time prior to the beginning of this lawsuit had sold to the plaintiff certain household furniture, including a stove, on which purchase plaintiff was to pay $100 down, and then $3 weekly. One hundred dollars was paid down and $3 a week was paid for some time. It does not appear that a mortgage was given upon this property, nor was a conditional contract of sale entered into, but the title to the goods at the time they were purchased vested absolutely in the defendant. The record shows that the defendant, desiring to move out of town, found it necessary to store her goods, and so she entered into a relation with the plaintiff whereby he was to receive and store these goods, and, inasmuch as they had been for a long time friends, he agreed to do it for nothing. She subsequently appeared, and upon her return wanted her goods, and I believe paid him or tendered him $25. He refused to deliver them until the whole balance of the bill had been paid, and she, not having the money, wanted him to take part of the goods and cancel the debt, giving her the remainder of the goods. He refused to do this and insisted upon keeping them until the entire account was paid. He later brought an action to recover the balance that he claims was due upon this contract.

The defendant filed a statement of defense and counter statement of claim in which she asked for a

return of the money that she had paid for these goods, less a reasonable amount for their use, plaintiff having appropriated and converted the goods to his own use. Upon the trial of the action the court found against the plaintiff upon his claim, and for the defendant upon her cross-claim, and ordered a return of $100, and allowed plaintiff for the use of the goods $33 of the amount that had been paid, finding that to be a reasonable sum. . Error is now prosecuted to this court.

We have gone over this record, heard the arguments of counsel, and can see no reason for disturbing the judgment. There was a clear conversion of the goods by the plaintiff. He had them in his possession and kept them without any warrant in law. Inasmuch as he was to have nothing for storing the goods, he had no lien upon them whatever, because he had given up possession, and the lien that he might have had in the first instance was lost. Consequently his retaining the goods under the circumstances was a conversion of them, and he was seeking to keep the goods and recover for their price as well.

It is argued by counsel for plaintiff in error that there is no evidence of this situation. We cannot agree with him. The record is full of evidence to sustain the position, as we have outlined it. Inasmuch as the defendant below treated the actions of the plaintiff as a rescission of the contract, he having taken back the goods and converted them to his own use, she had the right to recover back what money she had paid on them, less a reasonable amount for the rental thereof. The court having found this amount to be $33, and she having paid

him in all $133, a rendition of the judgment of $100 in her favor was in perfect accord with the evidence in the action.

There being no error in the proceedings, we can do nothing else but affirm the judgment.

*Judgment affirmed.*

SULLIVAN, P. J., and LEVINE, J., concur.